[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Quincy Richardson appeals from the judgment of the trial court convicting him of robbery. Richardson claims in his sole assignment of error that the lapse in time from his arrest to his trial violated the speedy-trial provisions of R.C.2945.71. Richardson makes the same arguments that his co-defendant, Terrance Newell, made in a prior appeal. In Newell's appeal, this court rejected those arguments and affirmed the judgment of the trial court.[1] For the same reasons given in Newell's appeal, we reject Richardson's assignment. In short, the record reflects that Richardson requested various continuances prior to trial. These continuances constituted waivers that prolonged the time that the state had to bring him to trial. In light of the waivers, Richardson's trial came within the time prescribed in R.C. 2945.71.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Sundermann, JJ.
 To the Clerk:
Enter upon the Journal of the Court on April 5, 2000
per order of the Court.
 _____________________ PRESIDING JUDGE DOAN
[1] State v. Newell (Dec. 15, 1999), Hamilton App. No. C-990237, unreported; see, also, New York v. Hill (2000), ___ U.S. ___,120 S.Ct. 659 (defense counsel could waive defendant's right to be brought to trial within statutory period even without express consent by defendant).